### FRED K. HANK *v.* HIRAM HANK.

**Limitation—Time When Statute Begins to Run—Allegation of Petition.**

The allegation of the petition as to the date of the contract will be regarded as the correct date in considering the question of limitation.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

October 27, 1870.

OPINION BY JUDGE HARDIN:

This was a suit in equity by the appellee, Frederick Hank, against the heirs of his deceased son, Joseph Hank, to recover the possession of a tract of land, and for an account of rents and a judgment for an alleged balance thereof. The petition setting forth in substance that in or about the year 1844, the plaintiff being indebted to James Terrill in about $300, secured by a

mortgage on the land, Joseph Hank paid the debt, and to reimburse him, the plaintiff made a parol agreement, giving up the land to him to be used until the rents would repay the amount advanced, Joseph Hank agreeing to improve the land and support the plaintiff and he was to retain the possession of the land until fully reimbursed the amount of the debt, interest and costs, and, although long since so repaid, he and his heirs have continued in the possession of the land.

The defendant by their answer denied the right of the plaintiff either to be restored to the possession or to have an account of rents as imported by the averments of the petition; but admitting the contract to have been in parol, they alleged that in its terms it was an unconditiinal sale to Joseph Hank of the land for the amount paid to discharge the debt and mortgage of Terrell, and that the possession of Joseph Hank from the time it was acquired, was in his own right and adverse to any claim or right of the plaintiff and they pleaded the statute of limitations as a bar to the action.

Under an interlocutory order of the court, a commissioner reported an account showing a balance in favor of the plaintiff of $392, after setting off the amount of Joseph Hank's payments to Terrell, and improvements made by him on the land, and thereupon the court rendered a judgment for the recovery of the land, and said sum of $392, and this appeal is from that judgment.

The terms of the contract and character of the possession are, we think, sufficiently proved as alleged by the defendants; and, though the evidence conduces to show that the arrangement was of later date than 1844, as that is the date of the contract alleged by the plaintiff himself, we must regard it as the correct date inconsidering the question of limitation; and twenty-two years or near that time having elapsed when this suit was brought, it results from the adverse character of the possession that the statutory bar had become complete when the suit was commenced. Wherefore the judgment is reversed and the cause remanded with directions to dismiss the petition.

*Carter, Rodman, Dishman, for appellants.*